**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0800n.06
Filed: October 31, 2006

No. 05-3585

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **DONNIE HATCHER, JR.,** | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT and MOORE, Circuit Judges; and COLLIER[*], District Judge

**MERRITT, Circuit Judge.**    This is a criminal appeal from a plea of guilty pursuant to a plea agreement between the government and the defendant, Hatcher, to charges that he conspired to possess with intent to distribute at least five kilos of cocaine in violation of Title 21, U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.[1] The defendant received a mandatory minimum sentence of ten years,

---

[*]The Honorable Curtis Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

[1]In the plea agreement, the defendant stipulated:

17. the defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately outline his readily provable offense conduct and specific offense characteristics:

a. Beginning at least as early as the Spring of 2002, and continuing into December 2002, the exact dates unknown, in the Northern District of Ohio, Eastern Division, and elsewhere, DONNIE HATCHER, JR., Samuel Sims, Douglas Harris, Ruben Felix, Dwayne Jones, Ray Nevels, Jermaine

a substantial reduction from the life sentence as a career criminal that he may have received in the absence of a plea agreement. The essence of the claim on appeal is that the District Court erred by

---

Crawley, Kenneth Boston, Robert Walton, Leon Gilmore, Rodney Harris, Maceo Belt, Eric Allen, Doreen Riley did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown, to possess with the intent to distribute and to distribute at least five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

      b. Specifically, it was pasrt of the conspiracy that DONNIE HATCHER, JR. would purchase quantities of cocaine from Sam Sims for re-sale.

      c. In furtherance thereof and to effect the goals and conceal the existence of the conspiracy, the defendant and others performed overt acts including but not limited to the following:

      (1) On or about September 13, 2002, at approximately 1:32 p.m., DONNIE HATCHER, JR. spoke to Sam Sims on the telephone. Sims said, "there are only like nine (ounces) left, you want them?" HATCHER said, "yeah, I got the money right in my pocket right now." Sims said, ". . . they are beautiful too, they like better than you usually get . . . they like the old breakable thing . . . how they just flake up."

      (2) On or about September 21, 2002, at approximately 12:52 p.m., Sam Sims spoke to DONNIE HATCHER, JR. on the telephone. Sims asked HATCHER if he wanted one and one half (kilograms of cocaine). HATCHER replied, "yea, that's what I want." Sims said, "I got 10 . . . there's 12 more on the way."

      (3) On or about October 2, 2002, at approximately 12:03 p.m., Sam Sims and DONNIE HATCHER, JR. spoke to Douglas Harris on the telephone. Sims told Harris, "we got cold hard cash for 14 (kilograms of cocaine)." HATCHER said he had enough (money) for three (kilograms of cocaine).

      (4) On or about November 19, 2002, at approximately 8:31 a.m., Sam Sims spoke to DONNIE HATCHER, JR. on the telephone. Sims asked HATCHER if he wanted some more. HATCHER siad, "yeah." Sims said I got the other one (kilogram) for you.

      d. The defendant, DONNIE HATCHER, JR., acknowledges that the above outline of his conduct does not set forth each and every act he committed in furtherance of the offense to which he is pleading guilty, nor does it set forth each and every act that was part of the same course of conduct and common scheme and plan as the offense of conviction, and that the government could prove other acts evidencing his agreement and knowing participation with other persons to distribute and to possess with the intent to distribute cocaine. The defendant, DONNIE HATCHER, JR., also acknowledges that the amount of cocaine possessed and distributed by him during the course of the conspiracy and directly attributable to his actions was more than 3-1/2 but less than 5 kilograms of cocaine. The defendant, DONNIE HATCHER, JR., further acknowledges that he was aware that the substance he was possessing and distributing was actually cocaine.

overruling defendant's motion to dismiss the indictment on grounds of "governmental misconduct" or "governmental authorization" of his drug trafficking — the only basis for appeal preserved under the plea agreement. The misconduct is based on the assertion that the defendant's drug trafficking was conducted as a government "undercover agent," not as an independent criminal actor. The defendant also asserts that the District Court erred when it refused to allow him to withdraw his guilty plea.

In the plea agreement, the defendant waived all grounds of appeal other than (1) ineffective assistance of counsel (a claim he does not make in this appeal), (2) an upward departure for a sentence in excess of the statutory maximum (a claim he does not make in this appeal), and (3) any "legal remedies he may otherwise have on appeal or collateral attack pertaining to claims of . . . .prosecutorial misconduct."

In essence, this is a factual case about whether the government authorized the defendant's drug trafficking. Although FBI agents did have contact with the defendant after he first contacted the FBI, and although the FBI did ask for the defendant's assistance in making a case against a large drug trafficker, District Judges Mattia and Polster both found after evidentiary hearings that the defendant initiated contact with the government and played a double game. The defendant said he would cooperate, while at the same time continuing his drug activity with Sam Sims and others without the agents' knowledge and approval. We find no error in the findings of the District Court that the defendant was not authorized to engage in drug trafficking.

On the question of the withdrawal of the guilty plea, again we have a factual question. We find no error in the findings of the District Court that the defendant entered his guilty plea voluntarily without coercion from his lawyer or the District Court.

The defendant also seeks on appeal to raise an issue regarding his sentence, but his plea agreement waived his right to appeal his sentence. He received a sentence below the statutory maximum and below the guideline range, and so we will enforce the defendant's waiver of appellate rights.

Accordingly, the judgment of the District Court is affirmed.